**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEXINGTON INSURANCE COMPANY, INC., | CIVIL ACTION NO. 16-5389 (JLL) |
| Plaintiff, | **OPINION** |
| v. | |
| CONVE AVS VEGA MESA LLC, et al., | |
| Defendants. | |

**LINARES, District Judge**

**LEXINGTON INSURANCE COMPANY, INC.** (hereinafter, "the Insurer") provided professional liability insurance to Conve AVS Vega Mesa LLC (hereinafter, "the Insured"). The Insurer brought this federal action (hereinafter, "Declaratory Judgment Action") for a judgment declaring that it was not obligated to defend and indemnify the Insured in ongoing state-court litigation concerning a contract to build a bleach manufacturing facility (hereinafter, "State Contract Action"). (See dkt. 1 at 1–18.)[1] The Court ordered the Insurer to show cause why this complaint should not be dismissed pursuant to Brillhart abstention. (See dkt. 4 at 1–5.) The Court will not restate the contents of the Order to Show Cause.

---

[1] The Court will refer to documents by the docket entry numbers and the page numbers imposed by the Electronic Case Filing System.

**THE INSURER** argues in response that none of the issues before this Court "will be addressed, nor could they be adjudicated, in the State Contract Action." (See dkt. 7 at 7.) However, there are claims pending against the Insured in the State Contract Action concerning its alleged failure to: (1) properly pay one party; and (2) perform proper construction, design, and engineering services for another party. To determine whether the Insurer's duty to provide coverage was triggered, this Court would need to make substantive determinations on whether the Insured engaged in proper conduct, and whether the Insured performed its services in a proper manner. These determinations would either duplicate or interfere with the adjudications by the state court overseeing the State Court Action. Therefore, the Court finds the Insurer's argument to be without merit.

**THE INSURER** also relies on certain language from 1100 Adams St. Condo. Ass'n v. Mt. Hawley Ins. Co., No. 14-2203, 2014 U.S. Dist. LEXIS 147145, at *13 (D.N.J. Oct. 14, 2014), which states that a federal court should abstain under Brillhart where there is another proceeding pending in a state court in which all of the matters in controversy between the parties could be fully adjudicated. (See dkt. 7 at 7.) The Insurer's citation is curious, because that court then went on to clarify that "the state court action and the declaratory judgment action need not be strictly parallel (i.e., presenting identical claims and involving identical parties) in order for a district court to find that abstention . . . is warranted." 1100 Adams St. Condo. Ass'n, 2014 U.S. Dist. LEXIS 147145, at *13–14. Thus, that opinion supports this Court's intention to abstain under

Brillhart from adjudicating the claims in this Declaratory Judgment Action.[2]

**THE INSURER** also argues that Reifer v. Westport Ins. Co., 751 F.3d 129 (3d Cir. 2014), curbed what the Insurer characterizes as "part of a larger trend" by certain federal district courts to abstain under Brillhart that was "problematic." (Dkt. 7 at 9.) That argument is without merit, as a review of recent case law reveals that the application of Brillhart abstention remains robust since Reifer was issued. See, e.g., Rachel II, Inc. v. State Nat'l Ins. Co., No. 15-1096, 2016 WL 1273941 (E.D. Pa. Mar. 31, 2016); Nugiel v. Westchester Fire Ins. Co., No. 15-7787, 2015 WL 6739111 (D.N.J. Nov. 3, 2015); Capitol Specialty Ins. Corp. v. Am. Legion, No. 15-6024, 2015 U.S. Dist. LEXIS 103555 (D.N.J. Aug. 7, 2015); Owen v. Hartford Ins. Co., No. 14-924, 2014 WL 2737842 (D.N.J. June 17, 2014).

**THE INSURER** is also concerned about possible prejudice in the State Court Action due to "the introduction of evidence that [the Insured] carried liability insurance," and thus "[t]he coverage issue must be addressed in an action separate from the State Contact Action." (Dkt. 7 at 4–5.) The Court has already addressed the Insurer's concerns in the Order to Show Cause. (See dkt. 4 at 3 (suggesting, inter alia, that the Insurer may bring the declaratory judgment claims in a separate action before the same New Jersey state court overseeing the State Contract Action).)

---

[2] The Insurer also failed to advise this Court that: (1) the cited opinion is a Report and Recommendation from a Magistrate Judge that was adopted by a district court; and (2) the district court abstained from exercising jurisdiction pursuant to Brillhart. See 2014 U.S. Dist. LEXIS 156505, at *1 (D.N.J. Nov. 5, 2014).

**THE COURT**, therefore, intends to dismiss the complaint without prejudice pursuant to the doctrine of Brillhart abstention, and with leave to the Insurer to bring these claims in state court in 30 days. The Court will issue an appropriate order and judgment.

JOSE L. LINARES
United States District Judge

**Dated:** October 4, 2016